**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 20, 2022**

# In the Court of Appeals of Georgia

A22A0409. TAYLOR v. THE STATE.

PER CURIAM.

Antonio Taylor appeals from the denial of his motion for a new trial, which he filed in the trial court pursuant to a granted motion for an out-of-time appeal. Recent precedent from the Supreme Court, however, precludes us from addressing the merits of this appeal.

Following a September 2017 bench trial, the trial court found Taylor guilty of entering an automobile, possession of tools for the commission of a crime, and misdemeanor possession of marijuana, and sentenced him that month as a recidivist under OCGA § 17-10-7 (a) and (c) to ten years with seven to be served in confinement and the balance to be served on probation. In June 2019, Taylor filed a motion to correct an illegal sentence, or in the alternative, a motion for an out-of-time

appeal. The trial court conducted a hearing during which it limited its consideration to Taylor's illegal sentence argument and denied the motion. Taylor subsequently filed an appeal of the denial order, which this Court dismissed for lack of jurisdiction. See Case No. A20A1865 (decided May 26, 2020). On remand, the trial court granted Taylor's pending motion for an out-of-time appeal, and Taylor then filed a motion for a new trial. Following an evidentiary hearing, the trial court denied the motion for a new trial on the merits, and this appeal ensued.

Recently, the Supreme Court eliminated the out-of-time appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." *Cook v. State,* ___ Ga. ___, ___ (5) (___ SE2d ___) (2022 Ga. LEXIS 65, 2022 WL 779746) (slip op. at 82) (Case No. S21A1270, decided March 15, 2022). *Cook* also concluded that this holding applies to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

2

In light of *Cook*, Taylor had no right to file a motion for an out-of-time appeal in the trial court. *Rutledge v. State*, ___ Ga. ___, ___ (___ SE2d ___) (2022 Ga. LEXIS 64, 2022 WL 779586) (slip op. at 4) (Case No. S21A1036, decided March 15, 2022). Accordingly, the trial court's order granting Taylor's motion for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Taylor's motion. Additionally, given that Taylor's motion for an out-of-time appeal was granted in this case, the trial court is directed to vacate any subsequent rulings on filings that the court lacked jurisdiction to decide without the granted out-of-time appeal, such as the May 20, 2021 order denying Taylor's otherwise untimely motion for a new trial.

*Judgment vacated and case remanded with direction. Division Per Curiam. All Judges concur.*